IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE EBAN FINKELSTEIN<br>623 11TH Street<br>Brooklyn, NY 11215<br><br>    Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION<br>10903 New Hampshire Ave<br>Silver Spring, MD 20993-0002<br><br><br>    Defendant. | Case No.: 17-cv-2337 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Katherine Eban Finkelstein (hereafter "Plaintiff"), also known by her professional name as Katherine Eban, brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Food and Drug Administration ("FDA") in failing to provide Plaintiff with all non-exempt records responsive to her July 28, 2016 FOIA request sent to FDA, seeking records of any and all meetings scheduled for, and/or attended by, Acting Director of the Center for Drug Evaluation's (CDER) Office of Compliance Thomas Cosgrove in February and March of 2016.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff is an award winning investigative reporter and journalist whose articles on pharmaceutical counterfeiting, gun trafficking and coercive interrogations by the CIA, have won international attention and numerous awards. She is currently a Fortune Magazine Contributor.

5. Defendant Food and Drug Administration is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

COMPLAINT

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about July 28, 2016, Plaintiff sent a FOIA request to the Food and Drug Administration ("FDA") seeking records of any and all meetings scheduled for, and/or

attended by, Acting Director of the Center for Drug Evaluation's (CDER) Office of Compliance Thomas Cosgrove in February and March of 2016.

14.  On or about August 2, 2016 Defendant sent an email acknowledging receipt of Plaintiff's FOIA request, assigning it number 2016-6361.

15.  On or about July 5, 2017, Sony Salzman sent an email on behalf of Plaintiff to Defendant requesting the status of FOIA request 2016-6351.

16.  On or about July 5, 2017, Defendant sent an email to Ms. Salzman stating that the request is pending a response from the Center for Drug Evaluation and Research (CDER).  Defendant provided a phone number for Ms. Salzman to contact the CDER directly.

17.  On or about July 5, 2017 Ms. Salzman sent an email to Defendant stating that she had left a message via phone with CDER for an update on the FOIA request.  Ms. Salzman additionally asked for an email address to the CDER which could provide her with an update to FOIA request 2016-6351.

18. On or about July 5, 2017 Defendant emailed Ms. Salzman an email address to Eli Landy, the Lead Regulatory Counsel for FDA CDER, which Ms. Salzman could use to request an update on FOIA request 2016-6351.

19. On or about July 5, 2017 Eli Landy emailed Ms. Salzman a response to Ms. Salzman's telephone message stating that Plaintiff's FOIA request was presently number 347 out of 599 in the queue with an estimate to provide the request in 12-18 months.

20.  On or about October 13, 2017, Ms. Salzman emailed Eli Landy requesting

COMPLAINT

that Plaintiff's FOIA request be expedited because of Plaintiff's journalistic need to have the information as soon as possible in order to disseminate it to the public. Ms. Salzman also requested a response within 14 days.

21. On or about October 16, 2017, Eli Landy emailed Ms. Salzman stating that FOIA request 2016-6351 was 295 out of 587 in the queue.

22. As of the date of the filing of this action, Plaintiff has not received a decision responding to Plaintiff's July 28, 2016 FOIA request.

### VII. CLAIMS FOR RELIEF

24. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 22 previously set forth herein.

25. Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her July 28, 2016 FOIA request.

26. By failing to provide Plaintiff with all non-exempt responsive record to her FOIA request as described in paragraph 24 herein, Defendant FDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

27. Unless enjoined by this Court, Defendant FDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in the FOIA request described in paragraph 24 above.

28. Plaintiff is directly and adversely affected and aggrieved by Defendant FDA's failure to provide responsive records to her FOIA request described above.

29. Plaintiff has been required to incur costs and fees in this matter.

30.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant FDA has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her July 28, 2016 FOIA request.

2.  Direct by injunction that FDA provide Plaintiff with all non-exempt responsive records to Plaintiff's July 28, 2016 FOIA request.

3.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

\
\
\
\
\
\
\
\
\
\

COMPLAINT

4. Provide such other relief as the Court deems just and proper.

DATED: This 6th day of November, 2017.

Respectfully submitted,

 /S/_____
C. Peter Sorenson, D.C. Bar #438089
SORENSON LAW OFFICE
P.O. Box 10836
Eugene, OR 97440
(541) 606-9173
petesorenson@gmail.com
**Lead Attorney for Plaintiff**

Daniel J. Stotter (WI0015)
STOTTER AND ASSOCIATES, LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**